The majority correctly states the general rule found in Annot., 2 A.L.R.4th 330, § 6(a) at 374 (1980), that evidence of a collateral sexual offense is admissible for the purpose of showing lack of consent in a rape case if the evidence also fits within one of the exceptions to the general rule of exclusion.
Citing Jones v. State, 580 So.2d 97 (Ala.Cr.App. 1991), the majority concludes that the "other exception" into which the collateral crime evidence in this case fits is the "common plan, scheme, or design" exception. I dissent because I do not believe the circumstances surrounding the collateral offense against S.H. were sufficiently similar to the circumstances surrounding the charged offense against K.P. to qualify for the "common plan, scheme, or design" exception.
The "common plan, scheme, or design" exception requires that the charged and uncharged crimes have "such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." Mayberry v. State, 419 So.2d 262,268 (Ala.Cr.App. 1982). The circumstances of the charged and uncharged crimes must "exhibit such a great degree of similarity that anyone viewing the two offenses would naturally assume them to have been committed by the same person." Brewerv. State, 440 So.2d 1155, 1161 (Ala.Cr.App. 1983). A strict test of similarity is applied. "Much more is demanded than the mere repeated commission of crimes of the same class, such as repeated . . . rapes. The pattern and characteristics of the crimes must be so unusual and distinctive as to be like a signature." 1 McCormick on Evidence, § 190 at 801-03 (J. Strong 4th ed. 1992) (footnotes omitted). "[T]he mere prior occurrence of an act similar in its gross features — i.e., the same doer, and the same sort of act, but not necessarily the same mode of acting nor the same sufferer" is insufficient. 2 J. Wigmore,Evidence, § 304 at 251 (Chadbourn rev. 1979).
In Jones v. State, the defendant used the "guise of going to his sister's home in order to lure [three different victims] to an isolated and wooded area of the county." 580 So.2d at 103. Notwithstanding some distinctions between the charged and uncharged crimes in Jones, anyone viewing the three offenses would "naturally [have] assume[d] them to have been committed by the same person." Brewer v. State, 440 So.2d at 1161.
The same cannot be said of the charged and uncharged offenses in this case. They are similar only in their gross features: both women were raped. The fact that the appellant allegedly remarked to both women, after the attacks, that he knew they "wanted" to have sex with him is the only common feature of the two offenses. These remarks, standing alone, do not constitute the distinctive "signature" of a particular sex offender. "[U]nless there is some logical and reasonable connection or relation between the forcible rape of two different women, 'the fact that one woman was [forcibly] raped has no tendency to prove that another woman did not consent to intercourse.' 2 A.L.R.4th § 6(b) at 378." Jones v. State, 580 So.2d at 101.